**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mario GOMEZ–LOPEZ, Defendant–Appellant.**

**No. 13–50117.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 19, 2013.*

Filed Nov. 25, 2013.

Shane P. Harrigan, Esquire, Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kristi A. Hughes, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

### MEMORANDUM **

Mario Gomez–Lopez appeals from the district court's judgment and challenges the 24–month consecutive sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gomez–Lopez contends that the district court erred by failing to explain the sentence and why it rejected his nonfrivolous mitigating arguments. The record reflects that the district court considered Gomez–Lopez's arguments and adequately explained its reasons for imposing the sentence. *See United States v. Carty,* 520 F.3d 984, 992–93, 995 (9th Cir.2008) (en banc).

Gomez–Lopez next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Gomez–Lopez's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The 24–month sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors, including Gomez–Lopez's failure to be deterred and breach of the court's trust. *See United States v. Simtob,* 485 F.3d 1058, 1062–63 (9th Cir.2007). Moreover, the court did not abuse its discretion by ordering that the revocation sentence be served consecutively to the sentence imposed for his new illegal reentry conviction. *See* U.S.S.G. § 7B1.3(f).

To the extent that Gomez–Lopez contends that the district court imposed the sentence to punish him for his new illegal reentry conviction, the record reflects that the court properly considered Gomez–Lopez's history of immigration offenses as being indicative of his propensity for recidivism and lack of respect for the court's command. *See Simtob,* 485 F.3d at 1062–63.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).